**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@raineslaw.com
Robert S. Marticello, State Bar No. 244256
rmarticello@raineslaw.com
Stephen M. Mott, State Bar No. 362642
smott@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Proposed Counsel for Ynez Shops, LLC, and
Pro Temecula Town Center, LLC,
Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>YNEZ SHOPS, LLC, *et al.*,<br><br>Debtors-in-Possession. | Case No. 8:26-bk-10693-SC<br><br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 8:26-bk-10694-SC<br><br>**SUPPLEMENT TO MOTION TO CONFIRM HOWARD GROBSTEIN'S APPOINTMENT AS MANAGER OF THE DEBTOR AND APPLICATION TO EMPLOY GROBSTEIN TEEPLE LLP TO PROVIDE SUPPORT SERVICES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1) and 9013-1(o)] |
| Affects:<br>☒ All Debtors<br>☐ Ynez Shops, LLC, Only<br>☐ Pro Temecula Town Center LLC Only | |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Ynez Shops, LLC ("**Ynez**") and Pro Temecula Town Center, LLC ("**Pro Temecula**") the debtors-in-possession (collectively, the "**Debtors**"), hereby submit this supplement to the *Motion to Confirm Howard Grobstein's Appointment as Manager of the Debtor and Application to Employ Grobstein Teeple LLP to Provide Support Service* (the "**Motions**") that were filed in the bankruptcy case of Ynez Shops, LLC [Dkt. No. 51] and Pro Temecula Town Center, LLC [Dkt. No. 51] prior to the cases being ordered to be jointly administered. The purpose of the supplement is to provide more detailed information about the Grobstein Teeple employees who will provide support services and the nature of these services. The supplement was prepared at the request of the Office of the United States Trustee ("UST") and shared with the UST prior to its filing with the Court. The Debtor is informed that this supplement has addressed the UST's concerns, although the UST has requested that employment be authorized under 11 U.S.C. § 363(b) rather than § 327, with the compensation for Mr. Grobstein and Grobstein Teeple subject to approval under the standard set forth in § 330.

## I. Clarification Regarding Confirmation of Mr. Grobstein's Retention as Manager

One aspect of the Motions was a request for confirmation of Mr. Grobstein's retention as the manager (the "Manager") of the Debtors, which has been a critical issue for Nano Banc, the Debtor's secured creditor, because of its concerns about former management and its need to confirm that Mr. Grobstein is, in fact, acting independently. To address this issue, the Debtor and Nano Banc have submitted separate stipulations, via a noticed motion [Doc. 56], that confirm Mr. Grobstein's role and appoint him as the DIP Authorized Representative. Accordingly, to the extent that the Motions sought confirmation of Mr. Grobstein as the Manager of the Debtors, that will be separately addressed in the Stipulations and does not need to be part of any orders approving the Motions.

**II. <u>Additional Information Regarding the Retention of Grobstein Teeple to Provide Support Services</u>**

Subsequent to the filing of the Motions, the Debtor and the UST discussed the Motions and the Debtor agreed to supplement the Motions to provide additional disclosures regarding the personnel expected to assist Mr. Grobstein, the scope of the services, and the reasons for the proposed retention of Grobstein Teeple to provide those services. The Debtor is informed that the concerns raised by the UST have been addressed with this Supplement.

**A. <u>Scope of the Proposed Retention</u>**

As manager of the Debtors, Mr. Grobstein must make business decisions about the direction of their cases and the financial path for getting there. Because the Debtors have no employees, Mr. Grobstein is relying heavily on certain staff at Grobstein Teeple to provide him with the information necessary to make these decisions. These support services include obtaining and reviewing books and records from prior management and the property manager, preparing cash flow projections, working with the new property management company to monitor and assist the Manager with financial aspects of operations, assisting with compiling information to obtain quotes and bind insurance for the properties, and assisting the Manager with handling and monitoring of banking activity and similar services. They also include certain necessary forensic accounting to determine prior rental income and expenses of operations, to assist with identifying tenants that may not be paying rent or whose rent payments may have been diverted, and how rents were being utilized prepetition. These services are critical to facilitate Mr. Grobstein's day-to-day decision making.

However, in the longer term, there are additional tasks, primarily consisting of forensic accounting services, that will be needed that Grobstein Teeple will already have started in the context of providing support services and for which it is well-qualified to handle.

The Debtors' prior manager was affiliated with Continuum Analytics, which served as an asset manager for the Debtors and a number of other single asset real estate cases that are pending before this Court and before the Hon. Mark Houle. Continuum Analytics is believed to still be

serving as an asset manager for a number of other non-debtor entities, and it is also believed to have formed entities independent of its management of these various real estate entities. Although ownership of each of the debtor entities is different, Continuum Analytics is the common thread.

It is unclear how prepetition rents on these properties were being used, as some secured creditors have not received payments in well over a year while the properties suffer from deferred maintenance and other issues. It is also unclear how certain loan proceeds were used. The Debtors suspect that the forensic accounting will be similar in the other pending cases and is going to show that funds were diverted to some of the same entities.

At present, there is no guarantee that professionals will be paid in any of these cases unless the properties are sold, and the value of a couple of the properties may not substantially exceed the liens against them. This makes retaining an outside forensic accountant and a tax accountant more difficult than it otherwise might be. In addition, there is a level of forensic accounting that needs to be done by Grobstein Teeple just to ensure that Mr. Grobstein can perform his duties as manager and Grobstein Teeple can build on this forensic accounting to provide a more complete analysis. For these reasons, the Debtors believe that the retention of Grobstein Teeple to provide these additional services is in the best interests of the estate. *See, e.g., In re Sun River Energy, Inc.*, 536 B.R. 872, 878-79 (Bankr D. Colo. 2015)(approving a trustee's retention of their own firm because of the savings and efficiencies, particularly where the firm had not sought a retainer and was willing to perform even though payment was entirely contingent on the recovery of assets).[1]

**B. Disclosure of the Identities of All Grobstein Teeple Employees Who Will Work on this Matter**

In the Motions, the Debtors identified Mr. Grobstein and Dimple Mehra as the two primary Grobstein Teeple employees working on this matter. In addition to them and to make sure tasks are appropriately staffed and being performed by employees with the appropriate level

[1] Indeed, at the status conference for Cantor Group III, LLC, one of the other debtors whose prior manager was someone affiliated with Continuum Analytics, counsel for one of the owners of that entity requested that the Court confirm that the scope of Mr. Grobstein's duties include conducting a forensic accounting. After Mr. Grobstein confirmed that he understood this task to be within the scope of his role as manager of the Debtor, the Court appeared to confirm that it was.

of experience, the following is a list of the other employees expected to work on this matter and their current hourly rates:

Support services and forensic accounting:

| | |
|---|---|
| Kailey Wright | $510 |
| Nicholas Cooper | $350 |
| Breanna McCallum | $275 |
| Taylor Labuschagne | $250 |
| Alicia Harnden | $160 |
| Emma Rooney | $175 |
| Lola Marier | $175 |

Tax return services:

| | |
|---|---|
| Kermith Boffill | $550 |
| Michael McCarthy | $385 |
| Lin Pei-Wen | $325 |
| Clara Galarza | $175 |

Their biographical information was included in Exhibit "5" to the Motions.

## III. CONCLUSION

Based on the foregoing and the filing of the Stipulations which separately address Mr. Grobstein's role as manager and DIP Authorized Representative of the Debtors, the Debtors requests that the Court enter an order:

1. Pursuant to 11 U.S.C. § 363(b), authorizing the Debtors to employ Mr. Grobstein as their chief restructuring officer effective April 16, 2026, through April 20, 2026, when he was transitioned to the Debtors' Manager, and authorizing the Debtor to employ Grobstein Teeple effective April 16, 2026, to provide support services and the specified financial advisory services,

with their compensation to be subject to approval by the Court using the standard under 11 U.S.C. § 330(a); and

2. Granting such other relief as the Court may deem just and appropriate.

Respectfully submitted,

DATED: June 23, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Proposed Counsel for Debtors-in-Possession

**DECLARATION OF HOWARD GROBSTEIN**

I, Howard Grobstein, declare as follows:

1. I am a partner with Grobstein Teeple LLP, which is a financial advisory firm with its principal office located at 6300 Canoga Avenue, Suite 1500W, Woodland Hills, California 91367. GT also has offices in the Orange County, Las Vegas, Metro Washington, Riverside, Boston and Phoenix areas. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the supplement to the motions to confirm my appointment as the manager of Ynez Shops, LLC, and Pro Temecula Town Center, LLC (together, the ”**Debtors**”), and to employ Grobstein Teeple to provide support services (together, the “**Motions**”). The Motions were filed as docket nos. 51 in each of the Debtors’ cases, prior to their being ordered to be jointly administered. Capitalized terms not defined in this declaration shall have the same meaning as in the Motions.

2. As manager of the Debtors, I must make business decisions about the direction of their cases and the financial path for getting there. Because the Debtors have no employees, I am relying heavily on certain staff at Grobstein Teeple to provide me with the information necessary to make these decisions. These support services include obtaining and reviewing books and records from prior management and the property manager, preparing cash flow projections, working with the new property management company to monitor and assist me with financial aspects of operations, assisting with compiling information to obtain quotes and bind insurance for the properties, and assisting me with the handling and monitoring of banking activity and similar services. They also include certain necessary forensic accounting to determine prior rental income and expenses of operations, to assist with identifying tenants that may not be paying rent or whose rent payments may have been diverted, and how rents were being utilized prepetition. These services are critical to facilitate my day-to-day decision making.

3. However, in the longer term, there are additional tasks, primarily consisting of forensic accounting services, that will be needed that Grobstein Teeple will already have started in the context of providing support services and for which it is well-qualified to handle.

4. The Debtors' prior manager was affiliated with Continuum Analytics, which I am informed served as an asset manager for the Debtors and a number of other single asset real estate cases that are pending before this Court and before the Hon. Mark Houle. Continuum Analytics is believed to still be serving as an asset manager for a number of other non-debtor entities, and it is also believed to have formed entities independent of its management of these various real estate entities. Although ownership of each of the debtor entities is different, Continuum Analytics is the common thread.

5. It is unclear how prepetition rents on these properties were being used, as some secured creditors have not received payments in well over a year while the properties suffer from deferred maintenance and other issues. It is also unclear how certain loan proceeds were used. The Debtors suspect that the forensic accounting will be similar in the other pending cases and is going to show that funds were diverted to some of the same entities.

6. At present, there is no guarantee that professionals will be paid in any of these cases unless the properties are sold, and the value of a couple of the properties may not substantially exceed the liens against them. This makes retaining an outside forensic accountant and a tax accountant more difficult than it otherwise might be. In addition, there is a level of forensic accounting that needs to be done by Grobstein Teeple just to ensure that I can perform my duties as manager and Grobstein Teeple can build on this forensic accounting to provide a more complete analysis. For these reasons, I believe that the retention of Grobstein Teeple to provide these additional services is in the best interests of the estate. See, e.g., In re Sun River Energy, Inc., 536 B.R. 872, 878-79 (Bankr D. Colo. 2015)(approving a trustee's retention of their own firm because of the savings and efficiencies, particularly where the firm had not sought a retainer and was willing to perform even though payment was entirely contingent on the recovery of assets).

7. In the Motion, the Debtor identified Dimple Mehra and me as the two primary Grobstein Teeple employees working on this matter. To make sure tasks are appropriately staffed and being done by employees with the appropriate level of experience, the following is a list of the other employees that I expect to work on this matter and their current hourly rates:

| | |
|---|---|
| Kailey Wright | $510 |
| Nicholas Cooper | $350 |
| Breanna McCallum | $275 |
| Taylor Labuschagne | $250 |
| Alicia Harnden | $160 |
| Emma Rooney | $175 |
| Lola Marier | $175 |

Tax return services:

| | |
|---|---|
| Kermith Boffill | $550 |
| Michael McCarthy | $385 |
| Lin Pei-Wen | $325 |
| Clara Galarza | $175 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22 ~~4th~~ day of June, 2026, at Woodland Hills, California.

HOWARD GROBSTEIN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENT TO MOTION TO CONFIRM HOWARD GROBSTEIN'S APPOINTMENT AS MANAGER OF THE DEBTOR AND APPLICATION TO EMPLOY GROBSTEIN TEEPLE LLP TO PROVIDE SUPPORT SERVICES; DECLARATION OF HOWARD GROBSTEIN IN SUPPORT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 23, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 23, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 23, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Federal Express**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 23, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **John Bistritz** jack.bistritz@afslaw.com
- **Matthew Bouslog** mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Dora Duru** dora.duru@bclplaw.com, verlisa.lewis@bclplaw.com
- **Martin P Eramo** MPEramo@aol.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Rachael Tamiko Gonzales** rgonzales@allenmatkins.com, pmorris@allenmatkins.com
- **Golsa Honarfar** ghonarfar@rutan.com, avaccaro@rutan.com;apineda@rutan.com
- **Alphamorlai Lamine Kebeh** mkebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Stephen M. Mott** smott@raineslaw.com, csantiago@raineslaw.com;bclark@raineslaw.com
- **Aram Ordubegian** ordubegian.aram@arentfox.com
- **David M Poitras** dpoitras@bg.law
- **David James Root** david.root@bclplaw.com, verlisa.lewis@bclplaw.com
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Annie Y Stoops** annie.stoops@afslaw.com, yvonne.li@afslaw.com
- **Martin W Taylor** marty.taylor@bclplaw.com, shawn.williams@bclplaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **David Wood** dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| 20 Largest Unsecured Creditors | Joses Nuevo Landscaping LLC<br>3857 Birch Street 209<br>Newport Beach, CA 92660 | Vierergruppe Management Inc.<br>1932 East Deere Avenue Suite 150<br>Santa Ana, CA 92705 |
| Rancho California Water District<br>PO Box 512687<br>Los Angeles, CA 90051-0687 | C.S.I. Patrol Service, Inc.<br>3605 Long Beach Blvd #205<br>Long Beach, CA 90807-4024 | City of Temecula- Finance Department<br>41000 Main Street<br>Temecula, CA 92590 |
| CR&R, Inc.<br>PO Box 7096<br>Pasadena, CA 91109-9952 | Sain Builders<br>147 Hart Bench Rd<br>Darby, MT 59829 | Kuri Services LLC<br>14817 Janine Dr.<br>Whittier, CA 90605 |

Southern California Edison
P.O. Box 300
Rosemead, CA 91772-0001

Smart Key Locksmith
25211 Sunnymead Blvd Ste C-4
Moreno Valley, CA 92553-4100

American Jetting Services
P.O Box 1699
Ontario, CA 91762

Pestgon, Inc.
3612 Ocean Ranch Rd
Oceanside, CA 92056

Ontario Refrigeration Services, Inc.
635 South Mountain Avenue
Ontario, CA 91762

Moises Camacho
5590 W. Mission Blvd.
Ontario, CA 91762

Ramsey Backflow & Plumbing
11626 Sterling Ave Suite D
Riverside, CA 92503

ABM Electrical & Lighting
Solutions, Inc
P.O. Box 52609
Los Angeles, CA 90074-2609

Pacific Rim Mechanical
9125 Rehco Road
San Diego, CA 92121

Murrieta Lock & Key
40224 Buckwood Way
Murrieta, CA 92562

Dominion Disposal
1536 E. Pinewood Ave
Anaheim, CA 92805

Newmark of Southern California,
Incl.
Lockbox #741305
2706 Media Center Drive
Los Angeles, CA 90065