**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Ynez Shops, LLC and Pro Temecula Town Center, LLC, Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>YNEZ SHOPS, LLC, *et al.*<br><br>Debtors-in-Possession. | Case No. 8:26-bk-10693-SC<br><br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 8:26-bk-10694-SC |
| Affects:<br>☒ All Debtors<br>☐ Ynez Shops, LLC Only<br>☐ Pro Temecula Town Center, LLC Only | **MOTION TO FURTHER AMEND SCHEDULING ORDER REGARDING DEADLINE TO FILE A DISCLOSURE STATEMENT AND PLAN AND FOR AN EXTENSION OF THE EXCLUSIVITY PERIODS OF 11 U.S.C. § 1121; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Ynez Shops, LLC ("**Ynez**"), and Pro Temecula Town Center, LLC ("**Pro Temecula**" and, together with Ynez, the "**Debtors**"), request that the Scheduling Orders entered on May 7, 2026, be further amended to extend the deadlines set by the Court for the Debtors to file their disclosure statements and plans by ninety (90) days and that the exclusivity periods for proposing and soliciting votes on the plans also be extended by ninety (90) days. At present, the deadline set by the Court for the Debtor to file its plan is September 29, 2026 and the deadlines in 11 U.S.C. § 1121(d) is November 30, 2026, subject to further extension for cause shown. In support of the motion (the "**Motion**"), the Debtors submit the following memorandum of points and authorities and the declaration of Howard Grobstein in support thereof.

## I. <u>BACKGROUND</u>

On March 3, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases. The Debtors are operating as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in either case and no official committees have been appointed or designated. On April 15, 2026, Raines Feldman Littrell LLP substituted in as counsel for the Debtors. The Debtors have since appointed Howard Grobstein as their managers. Henkin Investor Group, LLC, is the Debtors' sole member.

These are single asset real estate cases involving a retail shopping center located at Ynez Road and Rancho California Road in Temecula, California (the "**Property**"). Pro Temecula owns four of the parcels and Ynez owns the others. Nano Banc, the Debtors' secured lender, obtained an appraisal of the portion of the Property owned by Ynez in December 2024 that appraised it in as-is condition at $37,460,000. Ynez owes Nano Banc

approximately $23,528,000. The appraisal of the portion owned by Pro Temecula valued its portion at $54,400,000. Pro Temecula owes Nano Banc approximately $34,194,705. The filings were precipitated by a foreclosure sale scheduled by Nano Banc. The Property is listed for sale, with an October 1, 2026, deadline for bids from potential buyers interested in serving as a stalking horse. Based on the interest in the property, the Debtors expect that there will ultimately be an auction to determine the highest and best price.

The Debtors expect to assume the leases for the Property where it is the lessor and to assign them to the ultimate buyer. Because the Debtors have limited cash on hand, they cannot assume the leases now because the Debtors do not have sufficient funds to cure the defaults. Therefore, the leases will need to be assumed and assigned in connection with a sale, with the cure amounts to either be assumed by the buyer or cured by the Debtors from the sale proceeds as a condition to assumption and assignment. This impacts the timing of the effective date of the plan, because the Debtors cannot have the effective date before the closing of the sale. In addition, the Debtors are also analyzing the Nano Banc liens, particularly with respect to the loan transactions that occurred in 2025, and had informally requested loan documents from Nano Banc. The Debtors may dispute a portion of the Nano Banc loan depending on the purpose of the 2025 transaction, which appears to have increased the amount of the loans. The Debtors, which are under new management and have limited books and records from former management, are investigating why the loans were increased and how any additional loaned funds were used. However, Nano Banc was recently shut down by the FDIC and new counsel is involved and going to need time to get up to speed and to be able to respond to an application that the Debtors intend to file under Rule 2004 of the Federal Rules of Bankruptcy Procedure formally requesting these loan files.

To allow the sale process to play out a little further, the Nano Banc loans to be investigated, and because at present, the amount of net sale proceeds that will be available to fund the plans is uncertain, the Debtors request a further continuance of the deadline to file their disclosure statements and plans. This is the second request for an extension of the deadlines, with the most recent deadline to propose a disclosure statement and plan and to

solicit acceptances set at September 29, 2026, and November 30, 2026, respectively. Given the sale timeline, the Debtors believe that the current request will be the last one.

## II. LEGAL ARGUMENT

A chapter 11 debtor has the exclusive right to file a plan during the first 120 days of a bankruptcy case and to obtain acceptance of its plan during the first 180 days of the case. See 11 U.S.C. § 1121. Section 1121 is critical to the chapter 11 process, promoting the orderly and consensual reorganization of the debtor's affairs. Congress intended that the debtor be afforded a reasonable opportunity to negotiate and propose a consensual plan of reorganization without interference from creditors or the threat of a competing plan. *See In re Clamp-All Corp*., 233 B.R. 198, 207 (Bankr. D. Mass. 1999); *see also In re Texaco, Inc*., 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 221-22, reprinted in 1978 U.S.C.C.A.N. 5787).

A bankruptcy court can extend the exclusivity periods for "cause." "Cause" is not defined by the Bankruptcy Code. Nonetheless, in determining whether to extend the exclusivity periods, courts typically consider the following non-exhaustive list of nine factors:

1. The size and complexity of the case;
2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
3. The existence of good faith progress toward reorganization;
4. The fact that the debtor is paying its bills as they become due;
5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;
6. Whether the debtor has made progress in negotiations with its creditors;
7. The amount of time which has elapsed in the case;
8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
9. Whether an unresolved contingency exists.

*See In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (cited with approval by *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. BAP 2002)); *In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bank. S.D.N.Y. 2006); *In re Matter of Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005).

These nine factors are simply a starting point, the debtor need not satisfy every single factor, and courts are free to consider other relevant factors based on the unique facts of this case. *See Adelphia*, 352 B.R. at 583, 587. The decision to grant a request to extend the exclusivity deadlines lies within the sound discretion of the bankruptcy court. *See In re Gibson & Cushman*, 101 B.R. 405, 409 (E.D.N.Y. 1989). "[A] transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolutions." *Henry Mayo*, 282 B.R. at 453.

With respect to modification of the Scheduling Orders, a party may request an extension of a deadline set by the Court by making the request prior to the expiration of the deadline "for cause shown." Fed. R. Bankr. Proc. 9006(b)(1).

Here, although the plans will not be complicated given that they will be funded in substantial part through a sale of the Property, the Debtors are not prepared to propose their disclosure statements and plans. First, the Debtors intend to assume and assign the leases where they are the lessor in connection with a sale of the Property and cannot do so sooner because they are not yet able to cure the defaults necessary for assumption. Therefore, the sale is critical to assumption and assignment of the leases. Second, the Debtors are investigating the Nano Banc loans to determine whether there is any basis for disputing the validity of the 2025 loan transactions which increased the amounts of the loans. Third, the Debtors are presently uncertain what the net proceeds will be after the Property is sold and after payment of liens, cure amounts, and property taxes. Developments over the next six to eight weeks will shed significant light on this question as bids are received and a stalking horse buyer identified. For all of these reasons, the Debtors believe that a further 90-day extension of the exclusivity deadlines and the deadlines set by the Court is appropriate.

## III. CONCLUSION

WHEREFORE, the Debtors request that the Court enter an order:

1. Granting the Motion and extending the deadline set by the Court for the Debtors to file their disclosure statements and plans to December 28, 2026, subject to further extension for cause shown;

2. Extending the deadlines in 11 U.S.C. § 1121(d) by ninety (90) days, to December 28, 2026, and March 1, 2027, respectively; and

3. Granting such other relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: September 29, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Attorneys for Pro Temecula Town Center, LLC, and Ynez Shops LLC, Debtors-in-Possession

**DECLARATION OF HOWARD GROBSTEIN**

I, Howard Grobstein, declare as follows:

1. I am the Manager for Ynez Shops, LLC ("**Ynez**"), and Pro Temecula Town Center, LLC ("**Pro Temecula**" and, together with Ynez, the "**Debtors**"), the debtors-in-possession in the above-captioned cases. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Debtor\s' motion to amend the Court's Scheduling Order and to extend the exclusivity deadlines by 90 days (the "**Motion**"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. On March 3, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases. The Debtors are operating as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in either case and no official committees have been appointed or designated. On April 15, 2026, Raines Feldman Littrell LLP substituted in as counsel for the Debtors. The Debtors have since appointed me as their managers. Henkin Investor Group, LLC, is the Debtors' sole member.

3. These are single asset real estate cases involving a retail shopping center located at Ynez Road and Rancho California Road in Temecula, California (the "**Property**"). Pro Temecula owns four of the parcels and Ynez owns the others. Nano Banc, the Debtors' secured lender, obtained an appraisal of the portion of the Property owned by Ynez in December 2024 that appraised it in as-is condition at $37,460,000. Ynez owes Nano Banc approximately $23,528,000. The appraisal of the portion owned by Pro Temecula valued its portion at $54,400,000. Pro Temecula owes Nano Banc approximately $34,194,705. The filings were precipitated by a foreclosure sale scheduled by Nano Banc.

4. The Property is listed for sale, with an October 1, 2026, deadline for bids from potential buyers interested in serving as a stalking horse. Based on the interest in the

property, the Debtors expect that there will ultimately be an auction to determine the highest and best price.

5. The Debtors expect to assume the leases for the Property where it is the lessor and to assign them to the ultimate buyer. Because the Debtors have limited cash on hand, they cannot assume the leases now because the Debtors do not have sufficient funds to cure the defaults. Therefore, the leases will need to be assumed and assigned in connection with a sale, with the cure amounts to either be assumed by the buyer or cured by the Debtors from the sale proceeds as a condition to assumption and assignment. This impacts the timing of the effective date of the plan, because the Debtors cannot have the effective date before the closing of the sale. In addition, the Debtors are also analyzing the Nano Banc liens, particularly with respect to the loan transactions that occurred in 2025, and informally requested loan documents from Nano Banc. The Debtors may dispute a portion of the Nano Banc loan depending on the purpose of the 2025 transaction, which appears to have increased the amount of the loans. The Debtors, which are under new management and have limited books and records from former management, are investigating why the loans were increased and how any additional loaned funds were used. However, Nano Banc was recently shut down by the FDIC and new counsel is involved and going to need time to get up to speed and to be able to respond to an application that the Debtors intend to file under Rule 2004 of the Federal Rules of Bankruptcy Procedure formally requesting these loan files.

6. To allow the sale process to play out a little further, the Nano Banc loans to be investigated, and because at present, the amount of net sale proceeds that will be available to fund the plans is uncertain, the Debtors request a further continuance of the deadline to file a disclosure statement and plan. This is the second request for an extension of the deadlines, with the most recent deadline to propose a disclosure statement and plan and to solicit

acceptances set at September 29, 2026, and November 30, 2026, respectively. Given the sale timeline, the Debtors believe that the current request will be the last one.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on September 29, 2026, at Woodland Hills, California.

Howard Grobstein

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO FURTHER AMEND SCHEDULING ORDER REGARDING DEADLINE TO FILE A DISCLOSURE STATEMENT AND PLAN AND FOR AN EXTENSION OF THE EXCLUSIVITY PERIODS OF 11 U.S.C. § 1121; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 29, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 29, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 29, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **John Bistritz** jack.bistritz@afslaw.com
- **Matthew Bouslog** mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Dora Duru** dora.duru@bclplaw.com, verlisa.lewis@bclplaw.com,dora-duru-0321@ecf.pacerpro.com
- **Martin P Eramo** MPEramo@aol.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Rachael Tamiko Gonzales** rachael.gonzales@saul.com, hannah.richmond@saul.com;litigationdocketing@saul.com;rachael.gonzales@ecf.courtdrive.com
- **Golsa Honarfar** ghonarfar@rutan.com, dmircheff@rutan.com
- **Alphamorlai Lamine Kebeh** mkebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Mathias D Maciejewski** mathias.esq@gmail.com, arbi.abrami@fnf.com
- **Mathias D Maciejewski** mathias@robhana.com, arbi.abrami@fnf.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Stephen M. Mott** smott@raineslaw.com, csantiago@raineslaw.com;bclark@raineslaw.com
- **Aram Ordubegian** ordubegian.aram@arentfox.com
- **David M Poitras** dpoitras@bg.law
- **David James Root** david.root@bclplaw.com, verlisa.lewis@bclplaw.com
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Annie Y Stoops** annie.stoops@afslaw.com, yvonne.li@afslaw.com
- **Martin W Taylor** marty.taylor@bclplaw.com, shawn.williams@bclplaw.com,marty-taylor-5681@ecf.pacerpro.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **David Wood** dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com